8958

SULLIVAN v. WESTERN UNION TELEGRAPH CO.

(82 S. E. 1013.)

TELEGRAMS—MENTAL ANGUISH—DAMAGES.

TELEGRAPHS AND TELEPHONES—DELAY IN TRANSMISSION OF MESSAGES—DAMAGES.—Where plaintiff had been previously informed by letter that her brother was insane and would be sent to an asylum, the failure of defendant to promptly transmit a message containing the same information will not support an action for damages for mental suffering occasioned by plaintiff's failure to see her brother, particularly where he recovered and was not carried to the asylum.

Before RICE, J., Laurens, 1913. Reversed.

Action by Mrs. Emma Sullivan against Western Union Telegraph Company. From judgment for plaintiff, the defendant appeals.

FOOTNOTE.—As to recovery of damages for mental ansguish in telegraph cases, see note in 49 L. R. A. (N. S.) 206-296; as to character of suffering necessary to sustain action for mental anguish, see note 49 L. R. A. (N. S.) 296 to 299; as to mental anguish from deprivation of opportunity to receive or extend advice or consolation, as an element of damages for failure to deliver telegram announcing illness or death, see note in 49 L. R. A. (N. S.) 300-303. As to mental anguish which would have been relieved by telegram as an element of damages in action for negligence in respect to telegram, see note in 49 L. R. A. (N. S.) 305-307; as to necessity for and sufficiency of notice to telegraph company that negligence with respect to the telegram might cause mental anguish, see note in 49 L. R. A. (N. S.) 308.

*Messrs. John Gary Evans* and *Ferguson & Knight* submit: *Secondary evidence of letter not admissible until loss of original, and search therefor shown:* 75 S. C. 346, 77 S. E. 160. *Evidence must show injury as the proximate result of defendant's negligence:* 70 S. C. 418, 72 S. C. 116; 73 S. C. 221; *Ib.* 525; *Ib.* 221. *Efficient intervening cause:* 96 S. C. 423. *Having the information by letter the mental anguish, if any, was not caused by delay of the telegram:* 81 Mo. App. 223; 72 S. C. 516.

*Messrs. Simpson, Cooper & Babb,* for respondent, submit: *Proof of letter competent:* 39 S. C. 441; 55 S. C. 254; 17 Cyc. 478, 479. *Plaintiff was not to act on letter, but to wait for this telegram.*

September 29, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for actual and punitive damages for mental anguish claimed to have been suffered by the plaintiff upon failure of the defendant to properly deliver a tele-gram, addressed to the plaintiff as follows: Emma Sullivan, Laurens, S. C.: "Your brother has lost his mind. Come at once." Mrs. Dill, 12 Randolph avenue.

This telegram was sent from Macon, Ga. The case was tried before Judge Rice, and a jury, and at the close of plaintiff's evidence defendant made a motion for nonsuit, which was refused. When all of the evidence was in, upon motion, the Court held there was no evidence to support a verdict for punitive damages, but submitted the question of actual damages to the jury; and the jury returned a verdict in favor of the plaintiff for $264, and a motion for new trial was made and refused, and after entry of judgment, defendant appeals.

The second and fifth exceptions complain of error on the part of his Honor in not granting a nonsuit at the close of

plaintiff's evidence; and in not granting a new trial after verdict rendered on the ground that there was no evidence upon which jury could base a verdict for actual damages; and that there was no actionable negligence on the part of the defendant; and that the plaintiff was in possession of all the information contained in the telegram by a letter previously received by her, and her damages, if any, were from her failure to act thereon, and not from any delict on the part of defendant, and that the information contained in the telegram was erroneous in that her brother was never sent to the asylum, and if she had wished to see him she could have done so.   The evidence in the case shows that Mrs. Dill works in a factory at Macon, Ga., for a living; that her husband is the brother of Mrs. Sullivan, and was an inebriate and addicted to excessive drinking and was suffering from *delirium tremens.*   Several days before the telegram was sent Mrs. Sullivan received a letter from Mrs. Dill stating that Dill, her brother, was sick, and that they were going to send him to the asylum at Milledgeville, and when they sent him they would notify her.   She made no effort to go see her brother after receiving this information by letter.   After the telegram in question was sent, and a few days afterwards Mrs. Dill wrote Mrs. Sullivan that her brother had not been sent to the asylum and was at home, the evidence shows that Mrs. Sullivan has not seen her brother in ten years.   The evidence shows that within a few days after the telegram was sent Dill was working in Macon, Ga., and attending to his business and apparently in his right mind. Up to the time of the trial of this case Mrs. Sullivan had not gone to see her brother.   There is no evidence in the case that would warrant a verdict in favor of the plaintiff. Under the evidence the telegram only confirmed the infirmation imparted to her by letter; there was nothing in the telegram that she did not already know; both the letter and telegram conveyed the information that he was insane, that he would be conveyed to the asylum.   The mental anguish

claimed by the plaintiff is that she was deprived of the privi-
lege of being with and seeing her brother before he was
carried to the asylum. The letter and telegram were based
on a false statement of facts, and Dill was not insane and not
carried to the asylum, but remained at home and the plaintiff
could have seen him if she wished. Under such a state of
facts as developed in this case there can be no mental
anguish suffered by the plaintiff as would warrant a recov-
ery by her of damages against the defendant.

The judgment is reversed and complaint dismissed.